IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL WILSON, | § | |
| | § | No. 140, 2018 |
| Defendant Below- | § | |
| Appellant, | § | Court Below:  Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID K1702006069 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  July 19, 2018
Decided:    July 30, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

Upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)    In December 2017, a Superior Court jury convicted the appellant, Michael Wilson, of one count Aggravated Drug Possession and one count of Marijuana Possession.  The jury acquitted him of five other charges.  On February 15, 2018, the Superior Court sentenced Wilson to a total period of fifteen years at Level V incarceration, to be suspended upon successful completion of the Level V Key program, followed by decreasing levels of supervision.  This is Wilson's direct appeal.

(2) Wilson's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Wilson's counsel asserts that, after a complete and careful examination of the record, there are no arguably appealable issues. By letter, Wilson's attorney informed him of the provisions of Rule 26(c) and provided Wilson with a copy of the motion to withdraw and the accompanying brief. Wilson also was informed of his right to supplement his attorney's presentation. Wilson has not raised any issues for this Court's consideration. The State has responded to the position taken by Wilson's counsel and has moved to affirm the Superior Court's judgment.

(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[*]

(4) This Court has reviewed the record carefully and has concluded that Wilson's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Wilson's counsel has made a conscientious effort

---

[*] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

to examine the record and the law and has properly determined that Wilson could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

3